IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Demetrius Whitney, individually and for a class, | )<br>)<br>) |
|       *Plaintiff*, | )<br>) |
|       -*vs*- | ) No. 18-cv-4475<br>) |
| Fauzia Khan, Thomas Dart, Sheriff of Cook County, and Cook County, Illinois, | ) Judge Kennelly<br>)<br>) Magistrate Judge Mason<br>) |
|       *Defendants*. | )<br>) |

## AMENDED COMPLAINT

Plaintiff Demetrius Whitney, by counsel and pursuant to Rule 15(a)(1)(A), alleges as follows:

1. This is a civil action arising under 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. § 1343.

2. Plaintiff Demetrius Whitney is a former inmate of the Cook County Department of Corrections (CCDOC) assigned booking number 2016-1003111.

3. Defendant Thomas Dart is the Sheriff of Cook County. Under Illinois law, defendant Dart operates the CCDOC. Plaintiff sues Dart in his official capacity only.

4. Defendant Cook County, in collaboration with the Sheriff as outlined in the January 2011 Inter-Agency Agreement, is responsible for the health and well-being of inmates remanded to the Sheriff of Cook County and is a necessary

party in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

5. Defendant Fauzia Khan is a dentist responsible for treating inmates at the CCDOC assigned to the Residential Treatment Unit (RTU) Dental Clinic. Dr. Khan is sued in her individual capacity.

6. The RTU Dental Clinic began treating patients in approximately January 2017.

7. Since at least June 1, 2017 Cermak Policy E-07 assigned the RTU Dental Clinic responsibility for treating patients assigned to Division 4, the RTU, and Cermak.

8. At all times relevant, the policy at the CCDOC has been that a detainee who is seeking dental treatment for dental pain must complete a Health Service Request form (HSR form).

9. The nursing staff at the CCDOC is responsible for collecting HSR forms.

10. Policy at the CCDOC requires the nursing staff to either fax or scan a HSR form complaining of a toothache to the divisional dental clinic.

11. The policy of defendant Cook County and the dentist assigned to the RTU Dental Clinic is to delegate sole responsibility to the dental assistant in the RTU Dental Clinic to review the HSR forms and schedule appointments.

12. The official policy of defendant Cook County is that all inmates complaining of a toothache on a HSR form shall be seen by a dentist within 72

hours after receipt of the HSR form by the dental assistant in the RTU Dental Clinic.

13. Since January 1, 2017, more than 500 inmates assigned to be treated by the RTU Dental Clinic have submitted HSR forms complaining of a toothache.

14. Since January 1, 2017, hundreds of inmates complaining of a toothache assigned to be treated by the RTU Dental Clinic have not been seen within two weeks from the receipt of the HSR form by the dental assistant because there are too many patients requiring an appointment by the dentist.

15. Plaintiff was processed into the CCDOC on October 3, 2016.

16. Plaintiff began submitting HSR forms after entering the CCDOC complaining of significant dental pain.

17. Plaintiff's HSR forms identify the following complaints:

   a. February 16, 2017, complaining of a significant toothache;
   b. March 20, 2017, complaining of severe dental pain and requiring fillings;
   c. July 23, 2017, complaining of cavities and high pain;
   d. August 18, 2017, complaining of a painful back right tooth;
   e. September 22, 2017, complaining of toothache with a pain of 10 out of 10;
   f. November 7, 2017, complaining of bleeding gums and a high level of pain; and

    g.    February 28, 2018, complaining of numb gums and dental pain.

18. Despite submitting HSR forms, plaintiff was not timely evaluated by a dentist for his serious dental pain.

19. Plaintiff was first evaluated by a dentist, Dr. Khan, on March 29, 2017, diagnosed with having decay on two teeth, bleeding gums, and required fillings. Plaintiff was informed that he would return to the RTU Dental Clinic for treatment.

20. Several weeks later plaintiff returned to Dr. Khan's dental clinic. During this encounter, defendant Khan only treated one tooth on the top of plaintiff's mouth with a filling. Defendant Khan told plaintiff that she would not fill his other decaying tooth on the bottom of the mouth and that he would be rescheduled for treatment.

21. Plaintiff was not treated for this cavity on the bottom of his mouth until June 11, 2018. During this dental treatment, an unknown dentist filled a tooth on the bottom right side of plaintiff's mouth.

22. After plaintiff was treated on June 11, 2018, he was alleviated of his significant dental pain.

**Count 1:**     **Deliberate Indifference Against Defendant Dr. Khan**

23. Since at least March 29, 2017, defendant Khan was aware that plaintiff complained of acute dental pain. On this day, she made a record that he was scheduled for treatment because of a HSR form and plaintiff, based on a

dental exam, had the "[w]orst possible pain." She also made a record that plaintiff had decay of two teeth, suffered from bleeding gums, and required fillings.

24. Since at least March 2017, defendant Dr. Khan has had the ability to schedule and evaluate plaintiff and other inmates housed in the RTU on an expedited basis who submit HSR forms complaining of acute dental pain.

25. Defendant Khan failed to take reasonable measures to ensure that plaintiff and other prisoners assigned to be treated by the RTU Dental Clinic with significant dental pain were scheduled and evaluated in a reason time period.

26. Defendant knew that plaintiff and other prisoners assigned to be treated by the RTU Dental Clinic would experience avoidable pain and suffering until treated.

27. Defendant Khan was deliberately indifferent to plaintiff's rights secured under the Fourteenth Amendment to the United States Constitution and caused him to experience unnecessary and gratuitous dental pain.

**Count 2: Deliberate Indifference by Defendants Dart and Cook County**

28. For years, it has been common knowledge among administrators at the CCDOC that medical care for serious dental pain was inadequate because of delays in scheduling prisoners for dental care.

29. On September 10, 2013, Dr. Jorelle Alexander, the Cook County Director of Oral Health, sent an email to the Jail's chief dentist and wrote under the heading "Scheduling," that "[c]urrent process is inefficient" and that "[r]eturn appointments as well as grievances, HSRF are not being scheduled appropriately."

30. Defendants Dart and Cook County know that over the past two years inmates complaining of toothaches are not seen within 72 hours after the dental clinic receives the HSR form.

31. Defendants also know that, based on defendant Khan's testimony, the RTU Dental Clinic is not sufficiently staffed with dentists to treat patients complaining of dental pain in a timely manner.

32. Moreover, defendants Dart and Cook County know the policy to delegate scheduling responsibility to the dental assistant to schedule inmates complaining of dental pain causes inmates to be delayed treatment for no medical reason.

33. Dental assistants at the CCDOC are unable to diagnose and assess the severity of dental pain.

34. Plaintiff Whitney suffered serious dental pain because of the inadequate staffing of dental providers in the RTU and the policy to schedule inmates for dental care at the CCDOC.

35. Defendants Dart and Cook County have not taken any reasonable measures to correct this policy which has caused inmates, like plaintiff, to suffer unnecessary and gratuitous dental pain.

36. For the reasons previously stated, defendants Dart and Cook County's policy or widespread practices relating to dental care was deliberately indifferent to plaintiff's rights secured by the Fourteenth Amendment to the United States Constitution and was the moving force behind his prolonged dental pain.

37. Plaintiff brings this action individually and for the following proposed class:

> All persons confined at the Cook County Jail assigned to be treated by the RTU Dental Clinic from January 1, 2017 to the date of entry of judgment in this case who made a written request for dental care because of acute pain and who were not evaluated by a dentist within two weeks from the date when the HSR form was received by the dental assistant in the RTU Dental Clinic.

38. The proposed class satisfies each of the requirements of Rule 23(a) and certification is appropriate under Rule 23(b)(3).

39. Plaintiff demands trial by jury on his claim for damages.

It is therefore respectfully requested that the Court order that this case may proceed as a class action under Rule 23(b)(3), that the Court grant appropriate compensatory damages against defendants along with punitive damages against defendant Khan, and that the costs of this action, including attorney's fees, be taxed against defendant Cook County.

/s/ Patrick W. Morrissey
ARDC No. 6309730
Thomas G. Morrissey
Thomas G. Morrissey, Ltd.
10150 S. Western Ave., Ste. Rear
Chicago, Illinois 60643
patrickmorrissey1920@gmail.com
(773) 233-7900

*Attorneys for Plaintiff*