UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEMETRIUS WHITNEY, | ) | |
| | ) | |
| PLAINTIFF, | ) | 18 C 4475 |
| | ) | |
| VS. | ) | HONORABLE JUDGE |
| | ) | MATTHEW F. KENNELLY |
| FAUZIA KHAN, THOMAS DART | ) | |
| SHERIFF OF COOK COUNTY, | ) | |
| COOK COUNTY, ILLINOIS | ) | |
| | ) | |
| DEFENDANTS. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION**

Defendant, Thomas Dart, Sheriff of Cook County and Cook County, Illinois, by its attorney KIMBERLY M. FOXX, State's Attorney of Cook County, by and through Special Assistant State's Attorneys, Brian P. Gainer and Monica Gutowski, and pursuant to Federal Rule of Civil Procedure 23, submit their response in opposition to Plaintiff's Motion for Class Certification and state as follows.

**INTRODUCTION**

The Plaintiff, Demetrius Whitney ("Whitney"), has brought a claim against Defendants under 42 U.S.C. §1983 alleging that he was subjected to unnecessary and gratuitous dental pain, in violation of his Eighth Amendment rights, during his incarceration at the Cook County Department of Corrections. (See Plaintiff's Amended Complaint at Law, Dkt. #6, hereafter "Pltf.'s Amend. Cmplt." attached hereto as **Exhibit A**). In his complaint, Plaintiff alleges that certain policies and practices within the RTU Dental Clinic caused unlawful delays in treatment and prolonged dental pain. *Id.* at ¶31-36. Specifically, he alleges that inadequate staffing and an

1

inefficient scheduling process within the RTU caused detainees to needlessly suffer from treatable dental pain. *Id.* at ¶36-37. Now, Plaintiff is requesting that this case be certified as a class action pursuant to Rule 23(b)(3). (See Plaintiff's Motion for Class Certification, Dkt. #14, hereafter "Pltf.'s Mo." Attached hereto as **Exhibit B**). For the reasons articulated below, Plaintiff's motion should be denied.

## FACTS

There are six dental clinics at the Cook County Jail and each clinic operates independently. (Pltf.'s Mo., Ex. 2 Alexander Dep. 87:18-24). As of June 2018, Cermak Health Services of Cook County had in its employ six dentists, seven dental assistants, and two hygienists. (Pltf.'s Mo., Ex. 2 Alexander Dep. 17:7-18:4; 18:21-19:2). The RTU Dental Clinic opened in January of 2017. (Pltf.'s Mo., Ex. 9 Evans Dep. 5:23-6:2). Dr. Fauzia Khan is the dentist assigned to the RTU Dental Clinic. (Pltf.'s Mo., Ex. 10 Khan Dep. 9:6-9; 53:11-16). In 2017, the RTU Dental Clinic serviced: Division IV on Tuesdays; RTU men on Mondays and Wednesdays; RTU women on Thursdays; and men and women from Cermak on Fridays. (Pltf.'s Mo., Ex. 2 Alexander Dep. 174:1-175:24; Ex. 1 Cermak Health Services Policy E-06 Appendix dated 6/1/2017 at 6). At some point between 2017 and the present, the women in Division IV were moved to Division V. (Pltf.'s Mo., Ex. 2 Alexander Dep. 174:1-175:24). To ensure continuity of care, the RTU Dental Clinic continued to service those patients. (Pltf.'s Mo., Ex. 2, Alexander Dep. 174:1-175:24)

In order to be scheduled for an appointment at the RTU, a detainee fills out a Health Service Request from which is collected by nursing and forwarded to the dental clinic. (Pltf.'s Mo., Ex 1 E-07 Non-Emergency Health Care Requests and Services). Nursing collects HSR forms, triages the form, conducts a face-to-face with the patient, and then sends the form to the

dental clinic. (Pltf.'s Mo., Ex. 2 Alexander Dep. 98:2-14). Dental pain is subjective. (Pltf.'s Mo., Ex.2 Alexander Dep. 116:4-11). An example of this, is the fact that the level of pain rating (1-10) on the HSR forms filled out by the detainee is not defined or explained before the form is completed by the detainee. (Pltf.'s Mo., Ex.2 Alexander Dep. 116:4-11). The dental assistant assigned to each dental clinic is responsible for preparing the detainee's dental schedule. (Pltf.'s Mo., Ex. 2 Alexander Dep. 38:24-39:23). There is no patient scheduling department. (Pltf.'s Mo., Ex. 2 Alexander Dep 40:2-6).

Jeanette Crofton, a dental assistant, has worked in the RTU Dental Clinic since April 2017. (Pltf.'s Mo., Ex.14 Crofton Dep. 32:11-19). According to Crofton, none of the dental assistants have complained to Dr. Alexander at dental staff meetings that they have too many tasks to do during the day or that they are overworked. (Pltf.'s Mo., Ex.14 Crofton Dep. 160:3-10). Dr. Khan testified that staffing has not compromised her ability to treat her patients within the standard of care. (Pltf.'s Mo., Ex.14 Khan Dep. 114:13-22).

## ARGUMENT

This Court should deny Plaintiff's motion for certification because Plaintiff is unable to satisfy the requirements of Federal Rule of Civil Procedure 23(a) and (b). "The burden rests on the party seeking certification to show by a preponderance of the evidence that certification is proper." *Lacy v. Cook Cty.,* 897 F.3d 847, 863 (7th Cir. 2018)(quoting *CE Design, Ltd. v. King Architectural Metals, Inc.*, 637 F. 3d 721, 723 (7th Cir. 2011)). "A class may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites for class certification have been met." *Id*. Here, certification must be denied because Plaintiff has not sufficiently established the Rule 23 requirements of commonality, typicality, predominance or superiority.

**I.      PLAINTIFF FAILS TO SUFFICIENTLY DEFINE AN ASCERTAINABLE CLASS PURSUANT TO RULE 23**

3

Plaintiff fails to satisfy the threshold requirement of Fed. R. Civ. Pro. 23, that the proposed class be sufficiently ascertainable. *Jamie S. v. Milwaukee Pub. Schs*, 668 F.3d 481, 495 (7th Cir. 2012). To satisfy the ascertainability requirement, he must show that class members are identifiable through clear objective criteria so that it is administratively feasible for the court to determine whether a particular individual is a member. *Id.* at 496. "A class should not be certified if 'it sweeps within it persons who could not have been injured by the defendant's conduct ... [or] if it is apparent that it contains a great many persons who have suffered no injury.'" *Lacy v. Cook Cty.,* 897 F.3d 847, 864 (7th Cir. 2018) citing *Kohen v. Pac. Inv. Mgmt. Co.*, 571 F.3d 672, 677 (7th Cir. 2009). Here, Plaintiff proposes that the following class be certified under Rule 23(b)(3):

> All inmates at the Cook County Department of Corrections on or after January 1, 2017, assigned to be treated by the Residential Treatment Unit Dental Clinic, who have made a written request for dental care because of acute pain and who suffered prolonged dental pain because of lack of treatment.

(Exhibit B- Pltf.'s Mo., p.1). Plaintiff's class is not ascertainable because its members are defined by subjective criteria, which limits the Court's ability to determine which detainees fit into the class and which do not. Specifically, the phrases "acute pain" and "prolonged dental pain" are too vague and would require individualized fact-finding to identify whether a detainee fits within the proposed class.

In order to determine whether a detainee who sought treatment at the RTU during the relevant time period, suffered from "acute pain" (as opposed to chronic) would require an individualize analysis into his dental history. In his motion, Plaintiff submits that the putative class can be ascertained by reviewing the HSR forms that were submitted by detainees complaining of dental pain. (Exhibit B- Pltf.'s Mo. at p.6). However, Plaintiff's HSR form

highlights exactly why this methodology is far too sweeping and can be misapplied to detainees who were not suffering from "acute" pain at the time they sought treatment at the RTU. (Pltf.'s Mo, Ex. 11-HSR form). On February 17, 2017, Whitney submitted an HSR form seeking dental treatment for a toothache causing him a high level of pain. *Id.* It is not clear, from a review of the form alone, whether or not Whitney's pain was "acute" or whether he was complaining of a chronic problem that pre-dated the submission of his HSR form and/or his incarceration[1]. Without looking into the dental records of each potential class member (both before and during their incarceration), it is very unlikely that this Court will be able to ascertain which detainees suffered from "acute" pain at the time their requests for dental treatment were made.

Likewise, to determine whether a detainee treated at the RTU suffered from "prolonged dental pain" is another subjective criteria that interferes with this Court's ability to ascertain a class. For example, in some instances, a detainee may have been given a prescription to alleviate dental pain while he waited for his appointment date. In that scenario, the detainee would not fit into the class description. For the foregoing reasons, the proposed class is not sufficiently definite such that its members are ascertainable. Because it is defined too broadly, certification is improper.

## II. PLAINTIFF DOES NOT SASTISFY THE COMMONALITY AND TYPICALITY REQUIREMENTS OF FEDERAL RULE OF CIVIL PROCEDURE 23(a).

Plaintiff's motion must be denied not only because the class is not adequately defined, but because Plaintiff fails to establish the commonality and typicality requirements of Federal Rule of Civil Procedure 23(a).

---

[1] Whitney's dental record highlights why a review of each detainee's medical history is crucial to determine the level of their condition at the time a dental complaint is made. During an oral assessment with a nurse several days after submitting his HSR form, Whitney complained to the nurse that the pain he was experiencing was emanating from the lower left side of his mouth. (Pltf's Mo., Ex. 12). During the evaluation, the nurse noted that Whitney had multiple decayed teeth on the lower, left side of his mouth. This additional evidence suggests that Plaintiff's tooth decay, which is degenerative in nature, was likely the source of his pain and was thus not "acute". This evidence suggests that even Whitney might not fit into the proposed class as currently defined.

### A. Commonality

Class certification must be denied because Plaintiff has not established that a common issue exists among members of the putative class. To demonstrate commonality, a prospective class must show that its claims "depend upon a common contention ... of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Lacy v. Cook Cty.*, 897 F.3d 847, 865 (7th Cir. 2018) quoting *Wal-Mart Stores, Inc v. Dukes,* 564 U.S. 338, 350 (2011). "In other words, the key to commonality is 'not the raising of common questions … but, rather, the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation.'" *Lacy* at 865 quoting *Walmart* at 350. "The critical point is 'the need for *conduct* common to members of the class.'" *Lacy* at 865 citing *Phillips v. Sheriff of Cook Cty.,* 828 F.3d 541, 553 (7th Cir. 2016). In order to assess whether commonality is satisfied, a Court must look to the law governing the plaintiff's claims. *Phillips v. Sheriff of Cook Cty.,* 828 F.3d at 552.

Here, Plaintiff has alleged a deliberate indifference claim against the Defendants. (Exhibit A- Pltf.'s Amend. Cmplt.). Deliberate indifference of a serious medical need can be proven by a Plaintiff in one of two ways. *Phillips,* 828 F.3d at 554. First, there are "claims of isolated instances of indifference to a particular inmate's medical needs." *Id.* citing *Cleveland-Perdue v. Brutsche*, 881 F.2d 427, 430 (7th Cir. 1989). For these claims, a plaintiff must show that he suffered from an objectively serious medical condition and that the defendant was deliberately indifferent to that condition. *Phillips* at 554 citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015). Second, there are claims that systemic deficiencies at the prison's health care facility rendered the medical treatment constitutionally inadequate for all inmates. *Phillips* at 554 citing

6

*Cleveland-Perdue*, 881 F.2d at 430-31. For these types of claims, a plaintiff must demonstrate that "there are such systemic and gross deficiencies in staffing, facilities, equipment, or procedures that the inmate population is effectively denied access to adequate medical care." *Phillips* at 554 citing *Wellman v. Faulkner*, 715 F.2d 269, 272 (7th Cir. 1983). Here, Plaintiff alleges that he "suffered serious dental pain because of the inadequate staffing of dental providers in the RTU and the policy to schedule inmates for dental care at the CCDOC." (Exhibit A- Pltf.'s Amend. Cmplt. at ¶34). As shown below, Plaintiff fails to meet his burden to advance a classwide claim that a systemic deficiency violated the constitutional rights of detainees.

*Smentek v. Sheriff of Cook Cty,* a case with a complicated procedural history, was litigated in this district and dealt with similar facts to those presented here. *Smentek,* 2010 U.S. Dist. LEXIS 122145, at *2 (N.D. Ill. Nov. 18, 2010).[2] The Plaintiff in *Smentek*, a detainee at the jail, claimed to have experienced dental pain and delays in treatment during his 2007-2008 incarceration. *Id.* at *2-3. Plaintiff alleged that the defendants' decision to decrease the number of dentists from four to one in 2007 caused him to experience unnecessary pain and unreasonable treatment delays. *Id.* at *4. The court certified a Rule 23(b)(2) class and a 23(b)(3) class consisting of detainees incarcerated from 2007 and on, who claimed to have suffered from unnecessary and prolonged dental pain due to inadequate staffing of dentists at the jail. *Smentek v. Sheriff of Cook Cty.,* 2011 U.S. Dist. LEXIS 155473, at *7-8 (N.D. Ill. Aug. 17, 2011). In discussing whether commonality existed, the court opined that class members shared a common question based on the defendants' decision to reduce dental services at the jail. *Smentek v. Sheriff of Cook Cty.,* No. 09 C 529, 2010 U.S. Dist. LEXIS 122145, at *20 (N.D. Ill. Nov. 18, 2010).

---

[2] Plaintiff's counsel in this case was also class counsel in *Smentek*.

After discovery, the detainees moved for a preliminary and permanent injunction. *Phillips v. Sheriff of Cook Cty.,* 828 F.3d 541, 545 (7th Cir. 2016). In response, the defendants moved to decertify the classes. *Id.* The district court stayed briefing on the motion to decertify and then held a bench trial on injunctive relief in June 2014. *Id.* During the hearing, the court heard evidence that in 2007 Cermak employed only one dentist to service a jail population of approximately 9,500 detainees. *Id.* During that same proceeding, the court also heard evidence that, by 2014, Cermak had significantly increased its dental staff to include seven dentists, two dental hygienists, and seven dental assistants. *Id.* Even the plaintiffs' expert, Dr. Jay Shulman, testified at the hearing that this 2014 level of staffing was "optimum." *Id.* Based on this evidence, the court denied the motion for preliminary injunction, granted the defendants' motion to decertify the (b)(2) class and sought to modify the b(3) class. *Id.* at 548. The court determined that the increase in the number of dentists eliminated the common question that previously tied the class members' claims together. *Id.* The court found, however that the b(3) class could be modified so that it encompassed only those detainees whose claims arose when the jail only had one dentist.[3] *Id.* at 549. Plaintiffs appealed the order and the court of appeals affirmed. *Phillips v. Sheriff of Cook Cnty.*, 828 F.3d 541 (7th Cir. 2016). On appeal, the Seventh Circuit also found commonality to be lacking where the detainees "each present[ed] a different situation that involved a different type of dental pain, took place at a different time, involved different medical professionals and prison staff, and concerned a different alleged deficiency in the treatment process." *Id.* at 555. Ultimately, the Court found that the detainees had presented

---

[3] When the parties were back before the district court, they could not agree on an end date on the modified b(3) class. *Smentek.* at *13. The court looked to the evidentiary record to determine when the level of staffing met constitutional standards. *Smentek.* at *13. Crediting the defendants' expert testimony during the hearing (that acceptable staffing ratios were in the range of 1 dentist for every 1,000 to 1,500 detainees), the Court certified a modified (b)(3) class with an end date of October 31, 2013, which was reflective of the date that the seventh dentist was hired and began working at the jail. *Id.*at 13-14.

8

a series of individual claims of deliberate indifference rather than systemic deficiency that applied to the entire class. *Id.* at 558.

Here, like the detainees in *Smentek/Phillips*, Plaintiff alleges that the common issue tying the class together is whether inadequate staffing in the RTU clinic caused unnecessary and prolonged pain. (Exhibit B-Pltf.'s Mo., p. 9). However, Plaintiff's motion fails to point to any evidence that tends to indicate that the dentist to detainee ratio in the RTU during the relevant time frame was "grossly deficient" such that it effectively denied all inmates adequate access to dental care. Without proof of an unconstitutional policy or practice, a common question does not exist. *Phillips v. Sheriff of Cook Cty.*, 828 F.3d 541, 553 (7th Cir. 2016); *see also Jamie S.*, 668 F.3d at 498 (vacating a class-certification order because there was no evidence of a common illegal policy).

Plaintiff also claims that a policy, which allows dental assistants to schedule inmates for dental appointments, causes unlawful delays in medical treatment. (Exhibit A- Pltf.'s Amend. Cmplt. at ¶32, 34; Exhibit B-Pltf's Mo., p. 9). However, Plaintiff has not established how this alleged illegal scheduling policy would tie all of the individualized claims together and advance any of the Plaintiff's claims. Delays in scheduling could be attributed to a number of factors that have nothing to do with who is scheduling the appointment. For example, scheduling delays could be the result of the detainee's unavailability on a given date (on account of court appearances, family/lawyer visits, etc.), and/or refusal to appear for a scheduled appointment. Since Plaintiff has failed to articulate a common question that advances the class members' deliberate indifference claims, Rule 23(a)(2) commonality is not met and certification must be denied.

### B. Typicality

Likewise, Plaintiff has failed to establish that his claims are typical of the proposed class as required by Rule 23(a)(3). A "plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and [is] based on the same legal theory." *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983). This requirement "is meant to ensure that the named representative's claims 'have the same essential characteristics as the claims of the class at large.'" *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 514 (7th Cir. 2006) (quoting *Retired Chi. Police Ass'n v. City of Chicago*, 7 F.3d 584, 597 (7th Cir. 1993)).

In his motion, Plaintiff claims typicality is satisfied because each of the prospective class members are dependent on the RTU scheduling assistant in order to be seen by Dr. Khan. (Exhibit B- Pltf.'s Mo., p. 9). While the process to get into the clinic might be similar, the length of time between submitting a request and actually seeing the dentist will vary based on a number of factors including: the type of complaint being made, treatment needed, whether medication was prescribed, whether antibiotics were required, etc. As demonstrated by *Smentek*, it is very likely that each detainee's case would be different and that no claim would be typical, making the case inappropriate for certification under Rule 23(a)(3). *See also Wrightsell v. Sheriff of Cook Cty.*, 2009 U.S. Dist. LEXIS 14521, at *9 (N.D. Ill. Feb. 19, 2009)[4] (typicality lacking because resolution of the claims would require a case-by-case analysis of each detainees' unique situation.); *Orr v. Elyea*, 2009 U.S. Dist. LEXIS 106574 at *17 (C.D. Ill. Nov. 16, 2009) (concluding that claims of inadequate hepatitis treatment lacked typicality); *Smith v. Sheriff of Cook Cnty.*, 2008 U.S. Dist. LEXIS 36884 at *6, (N.D. Ill. May 6, 2008)[5] (typicality lacking

---

[4] Plaintiff's counsel in this case was also Plaintiff's counsel in *Wrightsell.*
[5] Plaintiff's counsel in this case was also Plaintiff's counsel in *Smith.*

because each of the detainees would be required to produce expert testimony on each of the propositions that they are required to prove in order to establish that injury was causally related to inadequate dental care). Because there are a number of factors that might influence a delay in treatment, the Plaintiff is unable to satisfy typicality requirements of Rule 23(a)(3) and certification must be denied.

### III. PLAINTIFF FAILS TO DEMONSTRATE THAT THE CONDITIONS OF FEDERAL RULE OF CIVIL PROCEDURE RULE 23(b) HAVE BEEN SATISFIED.

In the event this Court finds that Plaintiff has met the requirements of Rule 23(a), he must also satisfy the provisions of Rule 23(b). Here, Plaintiff is seeking certification pursuant to Rule 23(b)(3), which requires the Court to find that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). "Although related to Rule 23(a)'s commonality requirement, 'the predominance inquiry is far more demanding.' To satisfy this aspect of Rule 23(b)(3), 'the plaintiff must show that common issues not only exist but outweigh the individual questions." *Smentek v. Sheriff of Cook Cty.,* 2011 U.S. Dist. LEXIS 155473 at *4 (N.D. Ill. Aug. 17, 2011).

Here, it is inevitable that individual, and not class issues, will predominate this case. Whether an unconstitutional policy or practice, "actually amounted to deliberate indifference, is a fact-bound inquiry that depends on the seriousness of [each detainee's] condition at the time …" *Arreola v. Choudry*, 2007 U.S. Dist. LEXIS 8701 at *19 (N.D. Ill. Jan. 30, 2007). Plaintiff is not asking this Court to determine whether defendants' actions comply with federal statutes, as it would in the case of a request for injunctive relief, instead, plaintiff is seeking monetary damages for personal injuries under Rule 23(b)(3).

11

The cases cited by Plaintiff to support the predominance requirement are distinguishable. *Streeter v. Sheriff of Cook Cty.,* 256 F.R.D. 609 (N.D. Ill. 2009) was an unreasonable search case based on the jail's strip search policy. In *Streete*r, the court held that whether the search was reasonable under the Fourth Amendment was common to all of the class members. *Id.* at 612. *Herkert v. MRC Receivables Corp.,* 254 F.R.D. 344, 347 (N.D. Ill. 2008), involved an action against defendant debt collectors for violations of the Fair Debt Collection Practices Act (FDCPA) and the Illinois Collection Agency Act. In *Herkert*, the defendants' argued that certification was improper because a major issue was whether the acknowledgement of the debt by each individual tolled the statute of limitations. *Id.* at 352. There, the court found that generalized evidence that no written contracts existed would be sufficient to determine whether defendants brought time-barred debt claims against class members in violation of FDCPA and that individual inquiries would be insignificant. *Id.* Neither of these cases involved personal injury claims or claims of deliberate indifference.

A case far more illustrative on the issue of predominance is *Smith v. Sheriff of Cook Cty.,* 2008 U.S. Dist. LEXIS 60248 (N.D. Ill. July 16, 2008). In *Smith,* the court denied certification of a proposed class of detainees who also complained of inadequate dental care at the Cook County jail. In *Smith*, Plaintiff sought to certify a class of: "All persons who, while confined at the Cook County Jail on and after June 29, 2005, made a request for treatment of dental pain and did not receive timely treatment by a dentist." *Id.* at *1. Plaintiffs in *Smith* alleged, similar to Whitney in the instant case*,* that Defendants did not provide sufficient dentists to care for the detainees adequately. *Id.* at *3. The Court denied the motion finding that the commonality and typicality requirements of Rule 23(a) were lacking. *Id. at 4.* Specifically, the court found that an inadequate medical care claim, under the Eighth Amendment, would necessarily require a

12

showing of both objective and subjective elements such that each detainee's claim would be different. *Id.*at \*6-7.

In a subsequent opinion addressing Plaintiff's motion for reconsideration, the Court acknowledged that even if a common issue pertaining to the reduction of dental staff existed, certification was still inappropriate under Rule 23(b). *Smith v. Sheriff of Cook Cty.,* 2008 U.S. Dist. LEXIS 60248 (N.D. Ill. July 16, 2008). Specifically, the Court found that the predominance requirement of Rule 23(b)(3) was not satisfied when "the issues of individual causation and damages [would] likely encompass the vast majority of the time and resources necessary to judge Plaintiffs' claims." *Id.* at \*5-6. The court went on to state that a uniform decision on the issue of staff reduction would not meaningfully advance the Plaintiffs' claims since the issues of individual causation and injury would still need to be resolved in separate proceedings. *Id.* at \*6-7. *See also Hyderi v. Washington Mut. Bank, FA,* 235 F.R.D. 390, 403 (N.D.Ill., 2006) ("A putative class representative cannot satisfy the predominance requirement by defining the common issue narrowly and leaving all of the individual issues for follow-on proceedings, especially when the non-common issues are necessarily intertwined with the common issues and resolution of the common issues would not materially advance the litigation.").

The same deficiencies, as those stated in *Smith* and *Hyderi* plague the Plaintiff's case here. In order to resolve Plaintiff's deliberate indifference claim against Defendants, the Court will have to do more than answer questions related to staff reduction and patient scheduling in the RTU. It will be required to take an individualized look into a number of factors, including but not limited to: 1) evidence of the detainee's pre-existing dental condition; 2) the frequency and manner in which the detainee requested dental care; 3) the length of the delay between the

13

request for an appointment and the treatment date; 4) whether the Defendants were "subjectively aware" of the detainee's serious dental condition; 5) whether the dental care rendered to the detainee was a departure from accepted professional standards or just negligent; 6) the level of staffing in the RTU at the time of the detainee's complaint and/or treatment; 7) which dental assistant scheduled the appointment and if there was a delay in scheduling, why and; 8) the amount of damages to be awarded to the proposed class member. It is clear that certifying any "common" question pertaining to insufficient dental staffing and/or inadequate scheduling practices would not advance the Plaintiff's claims of deliberate indifference against Defendants. As such, Plaintiff cannot satisfy the predominance or superiority requirements of Rule 23(b)(3), and the motion for certification must be denied.

For all of the reasons set forth above, Defendants Sheriff Thomas Dart and Cook County, respectfully request that this Honorable Court deny Plaintiff's Motion for Certification and grant any other relief this Court deems equitable and just.

Respectfully submitted,

KIMBERLY M. FOXX
State's Attorney of Cook County

/s/ *Monica Gutowski*
Special Assistant State's Attorney

Brian P. Gainer (gainerb@jbltd.com)
Monica Gutowski (gutowskim@jbltd.com)
JOHNSON & BELL, LTD.
33 West Monroe Street, Suite 2700
Chicago, IL 60603
Tel: (312) 372-0770
Fax: (312) 372-9818