IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Demetrius Whitney, individually and for a class, <br><br> *Plaintiff,* <br><br> -*vs*- <br><br> Fauzia Khan, Thomas Dart, and Cook County, <br><br> *Defendants.* | 18-cv-4475 <br><br> Judge Kennelly |

# MOTION FOR PRELIMINARY APPROVAL
# OF CLASS ACTION SETTLEMENT

Plaintiffs, with the agreement of Defendants Sheriff of Cook County and Cook County, Illinois, move the Court to grant preliminary approval to the class action settlement agreement attached to this motion as Exhibit 1.

Grounds for this motion are as follows:

1. The parties enlisted the assistance and guidance of Magistrate Judge Jeffrey Cummings to explore the possibility of compromising all matters at issue. With the great assistance of Magistrate Judge Cummings over an extended period of time, the parties succeeded in negotiating a settlement of this action and five of the related cases. A copy of the settlement agreement is attached as Exhibit 1.

2. The settlement establishes a "a class settlement fund" in the amount of $1,579,000 (one million, five hundred and seventy-nine thousand dollars) to cover alleged damages to class members and a separate "subclass fund" in the amount of $240,000 (two hundred and forty thousand dollars) to cover damages to members of the subclass. Based on defendants' records, there are potentially 3,700 class members eligible to share in the "class settlement fund" and 708 subclass members eligible to share in the "subclass fund".

3. Depending on the number of claims filed, class members will receive a minimum of $500 (five hundred dollars) and a maximum of $1,500 (one thousand five hundred dollars). Subclass members will receive a minimum of $600 (six hundred dollars) and a maximum amount of $1,800 (one thousand eight hundred dollars). Any portion of the "class settlement fund" or "subclass settlement fund" remaining one year after the final approval of the settlement will revert to Cook County. Class counsel estimates that the average award to class members will be greater than $1,000 and the average award to subclass members will be more than $1,200.

4. Class counsel believes that some class members will not receive mailed notice of this settlement and will first learn about the settlement after payment of the first installment. Accordingly, the parties have agreed that payments will be made in two waves, with payments to the "second wave"

claimants being made at the same amount as paid in the first installment. If funds remain in the class settlement fund after the "second waive" then each members of the class will receive a proportionate distribution in a second installment provided the amount paid to a class member does not exceed $1,500. Similarly if funds remain in the subclass settlement fund after the "second waive" then each member of the subclass will receive a proportionate distribution in a second installment provided the amount paid to a class member does not exceed $1,800.

5. Separate from the class and subclass settlement funds, Defendants will pay incentive awards to class representative Demetrius Whitney $25,000, class representative Brian Henry $15,000 and class representative Robert Burgess $20,000. The class representatives will not be eligible for payment from the class and subclass funds.

6. Defendants deposed 29 detainees who were either members of the class and/or subclass. In addition to their share as a member in either the class or subclass, each deposed class member shall receive $1,000.

7. After full agreement had been reached on the monetary relief for the classes, the parties, with the assistance of Magistrate Judge Cummings, negotiated attorneys' fees and costs. The parties agreed that, subject to the approval of the Court and separate from the funds set aside for the class and subclass, class counsel will, without objection from Defendants, be

reimbursed for costs, in the amount of $92,460 and attorneys' fees in the amount of $1,126,228. The parties also agreed that defendants will pay up to $26,500 for the costs of administration of the settlement to an outside firm.

8. Counsel for the parties believe it will be feasible to mail class notice by May 7, 2021. Counsel suggest that the Court allow 60 days, or until July 9, 2021, for class members to respond to class notice, which would allow the fairness hearing to be held on July 30, 2021, or as such other date as may be set by the Court.

9. Attached as Exhibit 2 is the proposed form of class notice. The parties propose that notice be sent by first class to the last known address of each class member and that an opt-out form be provided to all class members. Proposed claim forms and opt-out forms are attached as Exhibits 3 and 4, respectively.

It is therefore respectfully requested:

A. That the Court grant preliminary approval to the settlement and find that the terms of the settlement, as embodied in the Settlement Agreement, are sufficiently fair, reasonable, and adequate to allow dissemination of the notice of the Settlement Agreement to the Classes.

B. That the Court set dates for mailing and responding to class notice. Class counsel suggests May 7, 2021 for mailing class notice and July 9, 2021 as the deadline for responding to notice.

-5-

C. That the Court authorize the parties to provide notice, claim forms, and opt-out forms by first class mail in the form attached as Exhibits 2, 3, and 4, and

D. That the Court a fairness hearing on July 30, 2021, or such other date as may be convenient to the Court.

                Respectfully submitted,

/s/ Thomas G. Morrissey
Thomas G. Morrissey, Ltd.
10150 S. Western Ave.
Chicago, IL. 60643
(773) 233-7900
tgmorrisseylaw@gmail.com
*an attorney for the plaintiff class*