IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Demetrius Whitney, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| -vs- | ) | No. 18-cv-4475 |
| | ) | |
| Fauzia Khan, Sheriff of Cook County | ) | Judge Kennelly |
| and Cook County, Illinois, | ) | |
| | ) | Magistrate Judge Cummings |
| *Defendants.* | ) | |

## CLASS SETTLEMENT AGREEMENT

This settlement agreement is entered into by all parties to this action through their respective undersigned counsel to resolve all matters at issue in this action.

### I.   RECITALS

**1.     Nature of the Litigation**. Plaintiff Demetrius Whitney, for himself and all others similarly situated inmates assigned to the Jail's Residential Treatment Unit (RTU) filed an amended complaint in July 2018 against Dr. Fauzia Khan, the RTU's dentist, Cook County Sheriff Thomas Dart in his official capacity and Cook County. Whitney contends defendants violated his rights under the Fourteenth Amendment to the United States Constitution regarding dental care.

**2.     Class Certification.** In March 2019, the District Court certified a class consisting of all those assigned to be treated by the RTU dental clinic

from January 1, 2017 to the present who submitted a written Health Service Request Form processed as "urgent" by the RTU dental assistant and did not receive an evaluation by a dentist for at least 14 days after submitting the request. The District Court certified a subclass one year later, in March 2020, consisting of members of the certified class who were referred by the RTU dentist to the Stroger Hospital Oral Surgery Clinic. Robert Burgess and Brian Henry were appointed representatives of the subclass.

3.    **Preparation for Trial.** The parties engaged in extensive discovery of documents and dental records. Plaintiff Whitney responded to written discovery and appeared for depositions. Subclass representatives Burgess and Henry also appeared for depositions. After responding to requests to admit regarding 30 members of the class or subclass, the defendants deposed those individuals. Approximately sixteen fact witnesses were deposed by plaintiff and a report by an expert witness was produced by plaintiff. The plaintiff subclass moved for partial summary judgment which was denied in January 2021. While the motion for partial summary judgment was pending, the defendants moved to decertify the case. The motion to decertify was dismissed without prejudice in February of 2021 while the parties discussed the potential resolution of this matter.

4.    **Settlement Process.** Early in the litigation, defense counsel expressed an interest in discussing settlement. Plaintiffs' counsel, after filing

Plaintiffs' partial motion for summary judgment, agreed. Recognizing the risk, uncertainty, and delay of contested litigation, the parties enlisted the assistance and guidance of Magistrate Jeffrey Cummings. With the continued assistance of Magistrate Judge Cummings, the parties agreed to this proposed resolution of all claims at issue in this litigation. All of the terms of this proposed agreement, and the entire agreement itself, are contingent upon approval by the Cook County Board of Commissioners. Defendants will promptly present this proposed settlement agreement to the Cook County Board of Commissioners .

5. **Certification by Class Counsel.** Class counsel are skilled and experienced in class actions, have investigated the facts and the applicable law, and believe that it is in the best interest of the class to enter into this Settlement Agreement.

6. **Denial of Liability.** Cook County, the Sheriff of Cook County, and Dr. Khan vigorously contest and deny each and every claim and all material allegations by the plaintiffs.

Cook County nonetheless has concluded that it is in its best interests, and in the best interests of the citizens of Cook County, that the action be settled on the terms and conditions set forth in this Agreement. Cook County reached this conclusion after considering the factual and legal issues in the action, the substantial benefits of a final resolution of the action, the expense

that would be necessary to defend the action through trial and any appeals that might be taken, the benefits of disposing of protracted and complex litigation, and the desire of Cook County to conduct its business unhampered by the distractions of continued litigation.

Cook County and the Sheriff of Cook County enter into this Agreement without acknowledging any fault, liability, or wrongdoing of any kind. Neither this Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Cook County and the Sheriff of Cook County of the truth of any of the allegations made in the action, or of any liability, fault, or wrongdoing of any kind whatsoever on the part of Cook County and the Sheriff of Cook County.

Upon final approval of the settlement by the District Court, the parties agree to dismiss Dr. Fauzia Khan with prejudice as a defendant.

**7.** **Non-Precedential Settlement.** Unless requested by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, neither this Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it will be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding, to establish any liability or admission by Cook County, the Sheriff of

Cook County, and/or Dr. Khan except in any proceedings brought to enforce the Agreement.

Neither this Agreement, nor any pleading or other paper related in any way to this Agreement, nor any act or communication in the course of negotiating or implementing this Agreement, shall be deemed an admission by Cook County, the Sheriff of Cook County, and/or Dr. Khan that certification of a class is appropriate in any other litigation, or otherwise shall preclude Cook County, the Sheriff of Cook County, and/or Dr. Khan from opposing or asserting any argument it may have with respect to certification of any class in any proceeding. Moreover, the parties agree that this settlement shall not be used as precedent in any way as to any subsequent conduct of Cook County, the Sheriff of Cook County, and Dr. Khan except as set forth herein.

## II. DEFINITIONS

**8.** In addition to the foregoing, the following terms shall have the meanings set forth below:

    a. "Cook County" means Cook County, the Cook County Health and Hospital System, Cermak Health Services and/or any other successors, assigns or legal representatives thereof.

    b. "Sheriff" means the Sheriff of Cook County and/or any other successors, assigns or legal representatives thereof.

    c. "Class Period" means the time between January 1, 2017 and March 23, 2021.

    d. "Potential Class Members" and "potential subclass members" means all persons who would qualify as part of the Class or Subclass, prior to the date by which exclusion must be requested.

e. "Agreement" means this Class Settlement Agreement**.**

f. "Released Persons" means Cook County, the Cook County Health and Hospital System, Cermak Health Services, Dr. Khan, Cook County's counsel, the Sheriff of Cook County, the Sheriff's counsel, and any of their past, present or future boards, commissions, members, directors, officers, agents, employees and/or independent contractors, and/or any other successors, assigns, or legal representatives thereof.

g. "Preliminary Approval Date" means the date the Court grants preliminary approval to this settlement agreement.

h. "Final Approval Date" means the date that the Court gives its final approval to this settlement agreement.

i. "Final Settlement Date" means the first day of which any of the following events occurred: (a) if no objection is interposed to this proposed settlement, the "final approval date." (b) If an objection is interposed to this proposed settlement and there is no appeal from the Final Approval Order, thirty-one (31) days after the Court enters the Final Approval Order and any objector has been provided with notice that the Court entered the Final Approval Order. (c) If an appeal is taken from the Final Approval Order, seven (7) days after a reviewing court either affirms the Final Approval Order or denies review and either all avenues of appeal have been exhausted or the time for seeking further appeals has expired.

## III. RELIEF

9. **Monetary Relief to the Class.** To resolve all claims of class members at issue in this case, the parties have agreed that, as part of the consideration for this Agreement, Cook County will establish a "class settlement fund" in the amount of $1,579,000 (one million, five hundred and seventy-nine thousand dollars) to cover alleged damages for class members associated with their dental care.

**10.**     **Monetary Relief to the Subclass.** To resolve all claims of subclass members at issue in this case, the parties have agreed that, as part of the consideration for this Agreement, Cook County will establish a "subclass settlement fund" in the amount of $240,000 (two hundred and forty thousand dollars) to cover alleged damages for subclass members associated with their dental care.

**11.**     **Incentive Payments To Class representatives.** Separate from the class and subclass settlement funds, defendants will pay class representative Demetrius Whitney $25,000, class representative Brian Henry $15,000 and class representative Robert Burgess $20,000. The class representative will not be eligible for payment from the class and subclass funds.

**12.**     **Distribution To Deposed Class Members.** Defendants deposed29 class members in this litigation. The deponents were: Joseph Townsend, Ayo Dunn, Deon Mathis, Gerald Hacker, Vanessa Sanders, Noe Page, Tiffany Cox, Joseph Mathis, Carlos Rodriguez, Andrew McCowen, Berl McKinnie, Antonio Rosales, Jose Lucio, Andre Yates, Ronald Schwichtenberg, Arnold Scott, Tiera Graves, Magdalena Kotwica, Lamika Overall, Vivan McGee, Rosalina Solis, Joy Ramos, Katrina Holman, Shawnda Terry, Tekisha Anderson, Darnel Junious, Brian Herron, Brendan Thornton, and Nicole Morris.

In addition to their share as a member in either the Class or Subclass, each deposed class member shall receive $1,000.

**13.** **Payments to Class and Subclass Members** The parties, while recognizing that each member of the class and subclass may have a distinct claim for damages, agree that the expense, uncertainly, and delay of providing each class member with an individual determination of damages outweighs the benefits of a distribution based on date of occurrence.

Distribution to Class

Each verified member of the Class shall receive a minimum of $500.00 from the class settlement fund. The amount to be paid to a class member shall not exceed $1500.00.

Distribution to Subclass

Each verified member of the Subclass shall receive a minimum of $600.00 from the subclass settlement fund. The amount to be paid to a sub-class member shall not exceed $1800.00.

Payment

Each verified claim shall receive payment 30 days from the "Final Set-tlement Date." The amount of that payment to each verified claimant will be calculated by the total number of verified claimants for the class and the sub-class.

Class counsel believes that some class and subclass members will not receive mailed notice of this settlement and will first learn about the settle-ment after payment of the first installment. Accordingly, class and subclass

members may submit claim forms in the 60 day period following payment of the first installment. These claimants are referred to below as "second wave" claimants.

Payment shall be made to "second wave" claimants at the same amount as paid in the first installment to the extent possible: If the total amount of these second wave payments exceeds the amount remaining after payment of the first installment, the amount to be paid to each "second wave claimant" shall be proportionately reduced.

If the class settlement fund is not exhausted after the "second wave" claimants are paid, then any money remaining in this fund shall be proportionately distributed to class members in a second installment, provided the amount to be paid to a class member shall not exceed $1,500

If the subclass settlement fund is not exhausted after the "second wave" claimants are paid, then any money remaining in this fund shall be proportionately distributed to subclass member in a second installment, provided the amount to be paid to a subclass member shall not exceed $1,800.

14.    **Reversion to Defendants.** Any portion of the "class settlement fund" or "subclass settlement fund" remaining one year after the final approval of the settlement shall revert to Cook County.

15.    **Payment to Class Counsel.** Attorneys' fees and costs were not finally negotiated until after full agreement had been reached on the mone-

tary relief for the class. To negotiate attorneys' fees, class counsel shared their billing rates and itemized time records with defense counsel.

The parties agreed that subject to the approval of the Court, class counsel will, without objection from Defendants, be reimbursed for costs, including expert expenses in an amount not to exceed $92,460.00 Subject to the approval of the Court and without objection from Defendants, class counsel will also receive payment from Cook County in the amount of $1,126,228.28 for attorneys' fees. This is the total amount of attorneys' fees being paid to Plaintiffs' counsel, and expressly includes any and all fees generated by Plaintiffs' counsel post settlement and during administration .

16. **Administration of the Settlement**. The settlement will be administered by an independent entity. Defendants have agreed to pay up to $26,500.00 for the actual costs of administration of the settlement. Any unused portion of this amount shall revert to Defendants.

## IV. NOTICE AND CLAIMS PROCEDURE

17. Within thirty days after the Court has given its preliminary approval to this settlement, notice of the settlement, and information about the date and time of the fairness hearing will be sent by first class mail to the last ascertainable address of each Class Member. "Ascertainable" means the last known address appearing in the records of the Sheriff of Cook County as enhanced by the United States Postal Service change of address data. Eligibility

-10-

to be a member of class is based on the District Court's July 10, 2020 order, Dkt. 234.

**18.    Claims submission**

To participate in this settlement, each Class Member or Subclass member must submit a sworn Claim Form postmarked no later than the date certain established on the Final Class Notice. The Class Notice will include a forwarding and return address, which will be a Post Office Box controlled by the Claims Administrator. The Form should identify if potential class member is part of subclass or class.

## V.    DECEASED, DISSOLVED, BANKRUPT, OR INCAPACITATED CLASS MEMBERS

**19.** Where a Class Member or Subclass Member is deceased and a payment is due to that individual, upon receipt of a proper notification and documentation, settlement payment shall be made in accordance with Illinois law.

**20.** Where a Class Member or Subclass Member has been declared bankrupt, or is the subject of an open and ongoing bankruptcy proceeding, and a payment is due to the individual, upon receipt of proper notification and documentation, the settlement payment shall be made to such Class Member or Subclass Member in accordance with applicable United States Bankruptcy Code laws.

## VI.    COMMUNICATIONS WITH THE CLASS

21.    The Class Notice shall list Class Counsels' addresses. Other than as provided for in this Agreement, communications relating to the action or this Settlement with persons receiving Class Notices and Potential Class Members shall be through Class Counsel. Nothing in this Agreement shall be construed to prevent Cook County, the Sheriff, their employees, agents, or representatives from communicating with Potential Class Members or Class Members in the normal course of their operations.

## VII.    CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION OF STIPULATION

22.    If the Court disapproves this Agreement or fails to rule, or if the Court enters the Final Judgment but it is reversed or vacated on appeal, this Agreement shall be null and void and of no force and effect. If the Court materially modifies any provision of the Agreement or proposed Final Judgment, or if either is materially modified on appeal or remanded to the Court for modification, any party shall have the option of terminating this Agreement and withdrawing this consent to the entry of the Final Judgment, in which case this Agreement shall be null and void and of no force and effect.

23.    If any financial obligation is imposed upon Cook County and the Sheriff in addition to or greater than those specifically set out in this Agreement, Cook County and the Sheriff may withdraw its consent to the entry of

the Final Judgment, in which case this Agreement shall be null and void and of no force and effect.

## VIII.  OBJECTIONS

**24.**     A Class Member or Subclass Member may file a notice of intent to object to the proposed settlement. The written notice of intent to object must be filed with the Clerk of the Court not later than 7 days before the date set for the Final Settlement Hearing.

## IX.    REPRESENTATIONS AND WARRANTIES

**25.**     Plaintiff and Class Counsel warrant and represent that no promise or inducement has been offered or made for this Agreement except as set forth herein, that this Agreement is executed without any reliance whatsoever on any statements or representations not contained herein, including but not limited to any statements, conduct, disclosure or non-disclosure or representations regarding discovery in the action, and that this Agreement reflects the entire agreement among the parties with respect to the terms of the Release. The warranties and representations made herein shall survive the execution and delivering of this Agreement and shall be binding upon the parties'' heirs, representatives, successors and assigns.

## X.   RELEASES

**26.**     Upon the Effective Date, Plaintiff, all Class Members, and all Subclass Members, and their heirs, trustees, executors, administrators, principals,

beneficiaries, assigns and successors will be bound by the Final Judgment and conclusively deemed to have fully released, acquitted and forever discharged, as defined in paragraph 9(d). All people and entities who meet the Class Definition and who have not timely filed "opt out" forms shall be forever barred from prosecuting their own lawsuit asserting any of the claims at issue in this litigation and they and their heirs, executors, administrators, representatives, agents, partners, successors and assigns shall be deemed to have fully released and forever discharged the Released Persons (defined below) from all Released Claims (defined below).

27.    "Released Persons" means Cook County, Cook County's counsel, the Cook County Sheriff's Office, the Sheriff's counsel, Governmental Interinsurance Exchange, Bliss McKnight Insurance Company and any of their past, present or future boards, commissions, members, directors, officers, agents, employees and/or independent contractors, and/or any other successors, assigns, or legal representatives thereof.

28.    "Released Claims" means and includes any and all Unknown Claims, known claims, and rights, demands, actions, causes of action, suits, debts, liens, contracts, liabilities, agreements, interest, costs, expenses or losses, for the acts alleged or which are or could have been alleged by the named plaintiffs or the potential class members in this action, or relate in any

way whatsoever to this action regarding dental care at the Cook County Jail between January 1, 2017 and March 23, 2021.

### XI.   MISCELLANEOUS PROVISIONS

29.    The parties hereto and their undersigned counsel agree to undertake their best efforts and mutually cooperate to effectuate this Agreement and the terms of the settlement set forth herein, including taking all steps and efforts contemplated by this Agreement, and any other steps and efforts which may become necessary by order of the Court or otherwise. The parties hereto further agree to defend this Agreement against objections made to final approval of the Settlement or in any appeal of the Final Judgment or collateral attack on the Agreement or Final Judgment. Class Counsel will not seek from Cook County, Cook County's counsel, the Sheriff of Cook County, the Sheriff's counsel, and any of the Sheriff's and/or Cook County's past, present or future officers, agents, employees and/or independent contractors, and/or any other successors, assigns, or legal representatives thereof any additional compensation, including attorney fees, cost, expenses or reimbursements for any work that may be involved in defending this Agreement.

30.    The undersigned counsel represent that they are fully authorized to execute and enter into the terms and conditions of this Agreement on behalf of their respective clients.

-15-

31.     Except as otherwise provided between the parties, this Agreement contains the entire agreement between the parties hereto, and supersedes any prior agreements or understandings between them. All terms of this Agreement are contractual and not mere recitals, and shall be construed as if drafted by all parties hereto. The terms of this Agreement are and shall be binding upon each of the parties hereto, their agents, attorneys, employees, successors and assigns, and upon all other persons claiming any interest in the subject matter hereof through any of the parties hereto, including any Class Member.

32.     Any claim form or opt-out form must be signed individually by a Class Member or Subclass Member, not as or on behalf of a group, class, or subclass, except that such claim form or opt-out form may be submitted on behalf of an individual Class Member by the executor or administrator of a deceased Class Member's estate, or the legal guardian of a Class Member who has been declared incompetent.

33.     To the extent permitted by law, this Agreement may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit or other proceeding which may be instituted, prosecuted or attempted in breach of this Agreement.

34. **Funding of Administration of the Settlement:** Cook County shall pay to the sum of $ 26,500.00 to Atticus, the Claim Administrator to administer the settlement.

35. **Payment of attorneys' fees and costs.** Within thirty (30) after the Court has entered final approval of the terms of the proposed class settlement, class counsel shall be entitled to receive the total amount of fees and costs approved by the Court. Payments to counsel shall be made notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on this Agreement or any part thereof, subject to Class Counsel's obligation to make appropriate refunds or repayments to Defendants if and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the award of attorneys' fees or cost award is reduced or reversed.

36. **Payment of Claims**. If the Court enters the Final Approval Order, the Claims Administrator shall within thirty (30) days after the Final Settlement Date mail payments to those Class Members and Subclass Members who submitted a valid and timely claim.

Within 60 days of the Final Settlement Date, Class Counsel shall provide Defendants with copies of all releases and opt out forms signed by class members and potential class members.

37.     **Change of Time Periods.** All time periods and dates described in this Agreement are subject to the Court's approval. These time periods and dates may be changed by the Court or by the Parties' written agreement without notice to the Class.

38.     **Binding on Successors.** This Agreement binds and benefits the Parties' respective successors, assigns, legatees, heirs, and personal representatives.

39.     **Entire Agreement.** This Agreement and the attached exhibits contain the entire agreement between the Parties and constitute the complete, final and exclusive embodiment of their agreement with respect to the settlement of the Lawsuit. This Agreement and the attached exhibits supersede any and all prior agreements, arrangements or understandings, whether written or oral, express or implied, between them relating to the subject matter hereof. The Parties agree that there are no understandings, written, oral, express, implied or otherwise, except as set forth in this Agreement and the attached exhibits, and that in entering into this Agreement, no Party has relied, or is entitled to rely, upon any promise, inducement, representation, statement, assurance or expectation unless it is contained herein in writing.

40.     **Exhibits.** The exhibits to this Agreement are integral parts of the Agreement and are incorporated into this Agreement as though fully set forth herein.

41.     **Modifications and Amendments.** No amendment, change or modification to this Agreement will be valid unless in writing signed by the Parties or their counsel.

42.     **Construction and Interpretation.** Neither the Parties nor any of the Parties' respective attorneys will be deemed the drafter of this Agreement for purposes of interpreting any provision in this Agreement in any judicial or other proceeding that may arise between them. This Agreement has been, and must be construed to have been, drafted by all the Parties to it, so that any rule that construes ambiguities against the drafter will have no force or affect.

43.     **Counterparts.** This Agreement may be executed in counterparts, each of which constitutes an original, but all of which together constitutes one and the same instrument. Several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies or PDF copies of executed copies of this Agreement shall be treated as originals.

44.     **Severability.** If any provision of this Agreement is declared by the Court to be invalid, void or unenforceable, the remaining provisions of this Agreement will continue in full force and effect.

45.     **Waiver.** No delay on the part of either Party in the exercise of any right, power or remedy shall operate as a waiver thereof, nor shall any

single or partial exercise of any right, power or remedy preclude the further exercise thereof, or the exercise of any other right, power or remedy.

46.    **Governing Law.** This Agreement shall be governed and interpreted in accordance with the laws of the State of Illinois and without regard to conflict of laws principles.

47.    **Attorneys' Fees and Costs.** Other than the payments set out above, each Party shall bear their own attorneys' fees and costs relating in any way to the Lawsuit or this Agreement, or the subject matter of any of them.

48.    **Cooperation to Obtain Court Approval.** The Parties agree to cooperate fully to execute any documents and take all additional actions which are consistent with and which may be necessary or appropriate to secure the Court's preliminary and final approval of this Agreement.

49.    **Enforcement and Reservation of Jurisdiction**. The parties agree that the Court will reserve jurisdiction to enforce the provisions of this Agreement. If the Court approves the settlement, it will enter an order of dismissal that will dismiss the litigation with prejudice as to all Class Members and Subclass Members, except those persons who have timely filed "opt out" forms.

Agreed to, this __ day of  April 2021.


/s/

-20-

Patrick W. Morrissey
Thomas G. Morrissey, Ltd.
10150 S. Western Ave.
Chicago, Illinois 60643
*Counsel for the Class*

/s/

Francis J. Catania, ASA
500 Daley Center
Chicago, IL 60602
*An Attorney for Defendants Sheriff of Cook County and Cook County*