IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Demetrius Whitney, individually and for a class,<br><br>    *Plaintiff,*<br><br>-vs-<br><br>Fauzia Khan, Thomas Dart, and Cook County,<br><br>    *Defendants.* | 18-cv-4475<br><br>Judge Kennelly |

# MEMORANDUM IN SUPPORT OF APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiffs file this memorandum to show that the Court should approve the settlement of this lawsuit.

## I. Legal Standards

The standards for approving the settlement of a class action as follows:

> After notice and a public hearing, a court may approve a settlement if it determines the settlement is "fair, reasonable, and adequate." FED. R. CIV. P. 23(e)(1)–(2). In making this determination, the Court must consider a variety of factors, including: "(1) the strength of the case for plaintiffs on the merits, balanced against the extent of settlement offer; (2) the complexity, length, and expense of further litigation; (3) the amount of opposition to the settlement; (4) the reaction of members of the class to the settlement; (5) the opinion of competent counsel; and (6) stage of the proceedings and the amount of discovery completed." *Wong* [v. *Accretive Health, Inc.*, 773 F.3d 859, 863 (7th Cir. 2014)]; *see* FED. R. CIV. P. 23(e)(2) (listing factors). Such an analysis does "not focus on individual components of the settlements, but rather view[s] them in their entirety in evaluating their fairness." *Isby v. Bayh*, 75 F.3d 1191, 1199 (7th Cir. 1996) (internal quotation marks omitted).

*In re. National Collegiate Athletic Association Student-Athlete Concussion Injury Litigation*, 332 F.R.D. 202, 217 (N.D. Ill. 2019).

Each of these favors weighs in favor of approval of the settlement reached in this case and supports a finding that the settlement is fair, reasonable, and adequate.

### A. Notice

The administrator (Atticus Administration, LLC) mailed 2,960 notices of the proposed settlement on May 7, 2021 and an additional 462 notices on May 14, 2021. Exhibit 1, Longley Decl. ¶ 5. These notices were sent to the last known address of all persons who were on a list of detainees who may be putative class members. *Id.* ¶¶ 4-5.

The postal service was initially unable to deliver 1,560 of these notices. *Id.* ¶ 7. Additional steps were taken by the administrator to provide notices which resulted in 62.74% of the distributed notices being successfully mailed. *Id.*

As of July 23, 2021, the administrator has received 447 valid claims and 5 opt-outs. *Id.* ¶¶ 8, 10. The deadline to file an objection to the settlement was July 26, 2021. *Id.* ¶ 11. Atticus has not received any objections to the settlement. *Id.* ¶ 11.

Class counsel believe that the number of valid claims will substantially increase after the checks are issued. The Settlement

Agreement provides that class and subclass members may submit claims forms within 60 days following payment of the first installment. Dkt. 308-1, Class Settlement Agreement ¶ 13.

### B. Strength of Plaintiffs' Case

Class counsel believe that the class would have prevailed at trial, but recognize that any jury trial presents uncertainty, especially one where, as in this case, the jury would have been presented with complicated and difficult factual questions. This consideration supports resolution of this case by settlement.

### C. Complexity, Length, and Expense of Continued Litigation

Trying this class action lawsuit to conclusion would have been a complex, lengthy, and expensive endeavor. Resolution of the damage claims of the more than 447 class members who have filed claims would have been a lengthy and time-consuming process. These factors all favor final approval of the settlement.

### D. Response to the Settlement by Class Members

The Notice served to class members identified July 26, 2021 as the deadline to file written objections or comments to the Clerk of the United States District Court for the Northern District of Illinois. There have been no objections or comments filed on the docket.

### E. Settlement Is Supported by the Opinion of Competent Class Counsel

Class counsel are experienced in civil rights cases and fully support this settlement.

Thomas G. Morrissey, is experienced in complex class action litigation. Thomas Morrissey received his undergraduate degree, *cum laude*, from Georgetown University in 1976 and his law degree from Georgetown University in 1979. He was admitted to practice in 1979, served five years as an Assistant Corporation Counsel for the City of Chicago, and started his private practice in 1987. His work in class action litigation includes *Hvorcik v. Sheahan*, 847 F.Supp. 1414 (N.D. Ill. 1994) (arrests on invalid warrants); *Watson v. Sheahan*, 1998 WL 708803 (N.D. Ill. 1998) (unreasonable post-arrest detention); *Gary v. Sheahan,* 188 F.3d 891 (7th Cir. 1999) (strip search of female detainees prior to release); *Bullock v. Sheahan*, 568 F. Supp. 2d 965 (N.D. Ill. 2008) (strip searching of male discharged detainees); *Jackson v. Sheriff,* 2006 WL 3718041 (N.D. Ill 2006) (unreasonable STD testing of male detainees at the Cook County Jail); *Streeter v. Sheriff,* 256 F.R.D. 609 (N.D. Ill. 2009); (strip search of detainees before release from the Jail); *Phipps v. Sheriff,* 681 F.Supp.2d 899 (N.D. Ill. 2009) (disability discrimination against wheelchair using detainees at the Cook County Jail); *Zaborowski v. Dart*, 2011 WL 6660999 (N.D. Ill. 2011) (shackling of detainees during labor and

delivery); *Smentek v. Sheriff,* 2016 WL 5939704 (N.D. Ill. 2016) (challenge to dental care at the Jail); *Lacy v. Cook County,* 897 F.3d 847 (7th Cir. 2018) (challenge to accessibility at various Cook County Courthouses for wheelchair-users); *Parish v. Sheriff*, 2019 WL 2297464 (N.D. Ill. 2019) (challenge to administration of medication at the Jail); *Beley v. City of Chicago*, 2015 WL 8153377 (challenge to sex registration practice by City of Chicago); *Bell v. Dart*, 2016 WL 337144 (N.D. Ill. 2016) (challenge to the discharge process at Cook County Jail); *Bennett v. Dart*, 2020 WL 1812376 (N.D. Ill. 2020) (accessibility of Division Ten at Cook County Jail); *Walker v. Dart*, 2021 WL 809765 (N.D. Ill. 2021) (accessibility of entrance to Cermak Infirmary).

Patrick Morrissey is also experienced in complex class action litigation. Patrick Morrissey received his undergraduate degree, *cum laude*, from Georgetown University in 2009 and received his law degree from the Washington University School of Law in St. Louis in 2012. Since November 2012 he has worked as an attorney for Thomas G. Morrissey, Ltd. Patrick Morrissey has been appointed class counsel in the following cases in the Northern District of Illinois: *Beley v. City of Chicago*, 2015 WL 8153377 (N.D. Ill. 2015); *Lacy v. Dart*, 2015 WL 1995576 (N.D. Ill. 2015); *Bell v. Dart*, 2016 WL 337144 (N.D. Ill. 2016); *Bennett v. Dart*,

2020 WL 1812376 (N.D. Ill. 2020); *Walker v. Dart*, 2021 WL 809765 (N.D. Ill. 2021).

The Morrisseys believe that the proposed settlement is fair, reasonable, and should be approved.

### F. The Stage of the Proceedings

The parties began settlement discussions after the plaintiff subclass moved for summary judgment. The parties engaged in extensive discovery. Twenty-nine putative class members were deposed by defendants. The parties exchanged hundreds of thousands of pages of documents in this case. The plaintiff class also deposed more than fifteen witnesses and served an expert report from Anita Lockhart, DDS.

The parties also engaged in extensive motion practice including a motion for class certification, a motion to certify a subclass, a motion to decertify the class, at least six discovery motions (dkts. 35, 132, 191, 210, 252, 261), and the parties fully briefed a motion by the plaintiff subclass for summary judgment which the Court denied on January 12, 2021. 2021 WL 105803.

The Court referred this case to Magistrate Judge Cummings on June 1, 2020 for a settlement conference. Dkt. 211. The parties engaged in three settlement conferences with Magistrate Judge Cummings. The first conference occurred on November 30, 2020. Dkt. 287. During the first

conference, Magistrate Judge Cummings was very persuasive and proactive, reminding all counsel of the risks, uncertainty, delay, and expense of continuing the litigation and encouraging a compromise. The parties held the second settlement conference on January 21, 2021, dkt. 294, and reached an agreement to establish funds to compensate the class and the subclass.

After the parties reached an agreement on funds for the class and subclass, the parties turned to negotiating attorney's fees. The parties held a third settlement conference on March 12, 2021, dkt. 304, and reached agreement on the issue of attorney's fees and costs.

The proposal that emerged from the settlement conference was approved by the Cook County Board. It was reduced to writing and received preliminary approval from the Court on April 22, 2021. Dkt. 308-1, Class Settlement Agreement; Dkt. 309, Minute entry.

## II. The Class Has Received Appropriate Notice

As explained above, the Administrator mailed notice of the proposed settlement to 2,147 persons eligible to particulate in the case. To date, nearly 21% of those with deliverable addresses have returned claim forms.

At this stage of the claim process, a return rate of 20.8% is reasonable in this type of class action.[1] Much lower participation rates were reported in *Hernandez v. Immortal Rise, Inc.,* 306 F.R.D. 91, 100 (E.D.N.Y. 2015) (15%), and in *In re OnlineDVBD-Rental Antitrust Litig.,* 779 F.3d 934, 944-45 (9th Cir. 2015) (less than 4%).

### III. The Settlement Provides Reasonable Compensation

The proposed agreement establishes a "settlement fund" in the amount of $3,153,188.28 to cover damages for class members, incentive awards, fees and costs of counsel, and administration of this settlement. The itemization of this amount is below:

| Allocation | Amount |
|---|---|
| Class Settlement Fund | $1,579,000.00 |
| Subclass Fund | $240,000.00 |
| Incentive Awards<br>• Demetrius Whitney ($25,000)<br>• Robert Burgess ($20,000)<br>• Brian Henry ($15,000) | $60,000.00 |
| Incentive Award for each class member who was deposed (29 individuals). Received in addition to either payment as a member of the class or member of the subclass | $29,000.00 |
| Reimbursement out of pocket expenses to class counsel | $92,460.00 |
| Attorneys' fees to class counsel | $1,126,228.28 |
| Claims administrator | $26,500.00 |

---

[1] Class counsel obtained this number by dividing the total number of valid claims (447) by the number of Notice Packets successfully mailed by the claims administrator (2,147). *See* Exhibit 1, Longley Decl. ¶¶7-8.

-8-

The settlement includes all detainees from January 1, 2017 to March 23, 2021 who made an urgent request to be evaluated in the Cook County Jail's Residential Treatment Unit (RTU) dental clinic. The settlement calls for two funds: a "class fund" in the amount of $1,579,00.00 for individuals who waited to be evaluated by the RTU dentist and a "subclass fund" in the amount of $240,000.00 for people who waited to be evaluated by the RTU dentist *and* were referred to the Stroger Oral Surgery Clinic.

Each class member shall receive a minimum of $500 from the class settlement fund. A class member will not receive more than $1,500. Dkt. 308-1, Settlement Agreement ¶ 13.

Each member of the subclass shall receive a minimum of $600 from the subclass settlement fund. A subclass member will not receive more than $1,800. Dkt. 308-1, Settlement Agreement ¶ 13.

The settlement provides that the subclass will receive a higher award because the evidence showed they waited longer for treatment because of delays in setting an appointment at the Stroger Oral Surgery Clinic. Based on the number of verified claim forms, class counsel expects that each class member will receive $1,500 and each subclass member will receive $1,800. The settlement provides exceptional compensation to members of the class and subclass in comparison to a recently settled

dental class action, *Smentek v. Sheriff,* 09-cv-529 (N.D. Ill.), where the average award was $100 for delayed dental care. *See* Exhibit 2, Order Approving *Smentek* Settlement, ¶ 3.

The Settlement Agreement provides each verified claims shall be paid within 30 days from the "Final Settlement Date" and the amount of each payment will be "calculated by the total number of verified claimants for the class and the subclass." Dkt. 308-1, Settlement Agreement ¶ 13. This will leave a buffer for the late claims contemplated by the parties in paragraph 13 of the Settlement Agreement (Dkt. 308-1 at 8-9):

> Class counsel believes that some class and subclass members will not receive mailed notice of this settlement and will first learn of the settlement after payment of the first installment. Accordingly, class and subclass members may submit claim forms in the 60 day period following payment of the first installment. These claimants are referred to below as "second wave" claimants.
>
> Payment shall be made to "second wave" claimants at the same amount as paid in the first installment to the extent possible: If the total amount of these second wave payments exceeds the amount remaining after payment of the first installment, the amount to be paid to each "second wave claimant" shall be proportionally reduced.
>
> If the class settlement fund is not exhausted after the "second wave" claimants are paid, then any money remaining in this fund shall be proportionally distributed to class members in a second installment, provided the amount to be paid to a class member shall not exceed $1,500.
>
> If the subclass fund is not exhausted after the "second wave" claimants are paid, then any money remaining in the second

installment, provided the amount to be paid to a subclass member shall not exceed $1,800.

And if any money remains from either the class or subclass fund, the money will revert to Cook County after one year of the final approval of the settlement. Dkt. 308-1, Settlement Agreement ¶ 14.

The Settlement Agreement also provides for incentive awards to the named plaintiffs and to those class members who served as "exemplars" and appeared for depositions. These awards range from $1,000 (for each exemplar), to $25,000 to class representative Demetrius Whitney. These proposed incentive awards are in line with incentive awards in other comparable cases. For example, in the recently settled dental class action, *Smentek v. Sheriff*, 09-cv-529 (N.D. Ill.), $25,000 was paid to the estate of the original plaintiff and each of the three additional plaintiffs received $15,000. *See* Exhibit 2, Order Approving *Smentek* Settlement, ¶ 4. Similarly, each of the three named plaintiffs in the STD testing case, *Jackson v. Sheriff*, 06-cv-493, received $25,000 while each class member received $200.

The individual awards reflect that each recipient provided a service to the class by answering discovery and appearing for a deposition. In addition, each could have brought an individual case and likely received compensation equal to or greater than what he (or she) will receive in the settlement.

### IV.  The Agreed Upon Fees and Costs Are Reasonable

After full agreement had been reached on the monetary relief for the class, the parties, with the assistance of Magistrate Judge Cummings, negotiated attorneys' fees and costs. The parties agreed that subject to the approval of the Court, class counsel will, without objection from Defendants, be reimbursed for costs in an amount not to exceed $92,460.00 and, again subject to approval of the Court and without objection from Defendants, receive attorneys' fees of $1,126,228.28. Dkt. 308-1, ¶ 15.

The third and final settlement conference with Magistrate Judge Cummings on March 12, 2021, dkt. 204, was devoted to negotiating an award of attorneys' fees and costs. The attorneys' fees of the class and the fees in the related cases were negotiated using the loadstar method. Prior to the first conference, the attorneys for the plaintiffs were ordered to provide defense counsel with their redacted time records and costs in *Whitney* and the related cases.[2] Dkt. 245. After the initial conference when defendants expressed an unwillingness to negotiate fees based on a

---

[2] The related cases include: *Jackson v. Dart*, 19 C 1907; *Perez v. Khan*, 19 C 919; *Cullom v. Dart*, 18 C 5559; *Hayes v. Cook County*, 18 C 5648; *Johnson v. Cook County*, 18 C 5782; and *Curtis v. Cook County*, 18 C 5783. Each case, with the exception of *Jackson v. Dart*, 19 C 1907, has settled.  As explained during the hearing on plaintiffs' motion for preliminary approval Perez, Cullom, Hayes, and Johnson accepted $15,000 to resolve their claims. Curtis settled his claim for $25,000. Exhibit 3, Transcript from 4/22/2021 hearing at 6:13-7:13.  These funds were paid directly to each plaintiff and Thomas G. Morrissey, Ltd. did not receive compensation or reimbursement for out of pocket costs out of these settlements.

percentage of the common fund, the Magistrate Judge also ordered the attorneys for the Sheriff and Cook County to share a summary of hours worked by each attorney in *Whitney* and the related cases.[3] Dkt. 287

Defense counsel was also provided with all invoices documenting the costs incurred by the plaintiffs at the time of settlement conference. The out-of-pocket costs include class notice, deposition expenses, expert witness expenses, maintenance of a database for putative class members, and travel for depositions to the Illinois Department of Corrections for putative class members.[4]

Class counsel retained Miller Shakman Levine & Feldman LLP in 2021 for representation on the issue of fees given counsel's concern of a conflict and to protect the interests of the class.[5] In a submission to the Magistrate Judge's settlement correspondence e-mail dated January 29, 2021, class counsel outlined a request for fees by the loadstar method for *Whitney* and the related cases:

---

[3] Defendant Dr. Fauzia Khan is represented by the State's Attorney's Office. Counsel for Dr. Khan also spent time defending this case, however, her counsel reported that it did not track the number of hours spent in this litigation.
[4] Class counsel has itemized records for these expenses and will provide them to the Court for review upon request.
[5] Class counsel is not seeking reimbursement for legal fees paid to Miller Shakman Levine & Feldman LLP.

| Biller | Hours | Rate | Total |
|---|---|---|---|
| Thomas Morrissey | 910.3 | $725.00 | $659,967.50 |
| Patrick Morrissey | 1,578.50 | $425.00 | $670,862.50 |
| Brendan Dempsey (paralegal) | 585 | $125.00 | $73,125.00 |
|  |  |  | $1,403,955.00 |

On March 12, 2021, the Magistrate Judge met separately with each side to negotiate the issue of fees. Initially, the Court focused on the hourly rates requested by the attorneys for the plaintiffs. After several hours of shuttle diplomacy by the Court, the parties reached an agreement on the following rates:

| Biller | Rate |
|---|---|
| Thomas Morrissey | $632.50 |
| Patrick Morrissey | $350.00 |
| Brendan Dempsey (paralegal) | $125.00 |

The Magistrate Judge then turned to the hours billed by the plaintiffs' attorneys in the class action and the related cases (910.3 for Thomas Morrissey and 1,1578.5 for Patrick Morrissey). The loadstar for counsel using the agreed hourly rate, including paralegal time, is $1,201,364. As of December 4, 2020, Johnson & Bell, Ltd. spent 4,492.5 hours of attorneys' time in *Whitney* and the related cases. By comparison, plaintiffs requested

-14-

to be compensated for 55% of the hours billed by defense counsel in their January 29, 2021 submittal to the Magistrate Judge.

Although the number of hours worked by class counsel, 2,488.8, was eminently reasonable given the complexity of this case, plaintiffs agreed to exercise "billing judgment" during the final settlement conference to forge a settlement by agreeing to a 7% reduction in the number of hours.

The defendants are aware of the significant time class counsel has already invested in this case as well as the time that will be required to resolve all communications from class members.

Defendants have agreed not to oppose the request for fees in the amount of $1,126,228.28, and it should be approved by the Court. The Court should also approve class counsel's unopposed request to be reimbursed for out-of-pocket expenses in the amount of $92,460.

## V.     Conclusion

The Court should therefore approve the proposed settlement of this class action.

                                            Respectfully submitted,

/s/    Thomas G. Morrissey
Thomas G. Morrissey, Ltd.
10150 S. Western Ave.
Chicago, IL 60643
tgm@morrisseylawchicago.com
*an attorney for the plaintiff class*